IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

JOHN E. HENRICKS, III,

                    Defendant.

ORDER

13-cr-83-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A telephone status conference was held in this case on June 4, 2014. Heidi Luehring appeared for the government. Also appearing was George Goyke, counsel for defendant's wife, Catherine Henricks. James Runyon, counsel for defendant in bankruptcy and divorce proceedings, did not participate.

      At the hearing, the parties identified the following issues to be resolved by the court in connection with the collection of restitution owed by defendant in the criminal proceedings in light of the recent filings by defendant and his wife, Catherine Henricks, in bankruptcy and divorce court. (It is the government's position that the filing of the divorce and bankruptcy proceedings is an attempt by the defendant and his wife to circumvent the collection of restitution.)

      1.    Does the automatic stay of the bankruptcy proceeding call a halt to the government's efforts to collect the restitution owed by defendant?

2. As to the bankruptcy case, has the marital estate been unjustly enriched by defendant's criminal activities and if so, is Catherine Henricks entitled to a full 50% of the marital assets? and

3. Does Mr. Runyon's appearance as counsel for defendant create a conflict of interest in this case?

It was agreed that the parties will submit briefs on the first two issues according to the following schedule:

**Government's brief: August 18, 2014**

**Response by Attorneys Goyke and Runyon: September 8, 2014**

**Government's reply: September 18, 2014**

After reviewing the briefs, the court will determine whether a hearing is necessary.

As a final matter, the government advised the court that defendant has failed to liquidate his non-exempt assets and make any payment whatsoever toward the lump sum of $150,000 he was ordered to pay within 90 days of his sentencing. The government indicated that it may move for defendant's resentencing on the basis of his allegedly willful failure to make restitution. If such a motion is filed, the court will set a briefing schedule on the motion or schedule a hearing or both.

Entered this 4th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge