IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                        OPINION and ORDER

               Plaintiff,

                                                        13-cr-83-bbc

    v.

JOHN HENRICKS,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In January 2014, defendant John Henricks pleaded guilty to three counts of criminal fraud. As part of defendant's sentence, I ordered him to pay approximately $1.3 million in restitution. In May 2014, I granted the government's motion to issue a writ of execution with respect to several pieces of real and personal property because defendant had not been making his required restitution payments. A few days later, defendant's wife, Catherine Henricks, filed a bankruptcy petition, several months after she filed for divorce. (For the remainder of the opinion, I will refer to John Henricks as "defendant" and Catherine Henricks as "Ms. Henricks.")

Ms. Henricks now argues that the property that is the subject of the writ of execution is marital property and thus part of the bankruptcy estate. The government has not denied that contention. As a result, Ms. Henricks "requests that the [writ of] execution be stayed pending resolution of rights in the bankruptcy proceedings." Dkt. #64. After two telephone

1

conferences about the request, I asked the parties to brief two issues: (1) whether the automatic stay provision in 11 U.S.C. § 362(a) applies to the government's collection of restitution in this case; and (2) if it does not, whether Ms. Henricks is entitled to keep her share of the marital assets.

Having reviewed the briefs submitted, I conclude that the automatic stay applies to any property that is not defendant's and is part of the bankruptcy estate. In light of the stay, it would be premature to decide the extent to which the government is entitled to seize Ms. Henricks's property.

OPINION

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition automatically stays a number of other proceedings related to the petition. In this case, the government offers three reasons why it believes § 362(a) has no effect on its efforts to collect restitution from defendant using marital property. I will consider each reason in turn.

First, the government argues in one sentence that "no automatic stay applies to criminal enforcement proceedings against defendant because he has not filed for bankruptcy." Dkt. #86 at 4. The obvious problem with that argument is that the reach of § 362(a) extends beyond actions in which the bankruptcy debtor is a party. Rather, § 362(a) stays "any act to obtain possession of property of the [bankruptcy] estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The government does not deny that it is attempting to obtain property of the bankruptcy estate,

so § 362(a)(3) applies.

Second, the government relies on 11 U.S.C. § 362(b)(1), which states that the stay does not apply to a "continuation of a criminal action or proceeding against the debtor."  I may assume that the government's collection efforts are a "continuation of a criminal action or proceeding."  But see 3 Collier on Bankruptcy § 362.05[1][b] (16th ed.) ("The stay exception under § 362(b)(1) may not extend to attempts by the government to seize property of the [bankruptcy] estate.").  However, defendant did not file a bankruptcy petition, so the government's collection efforts cannot be described as a continuation of a proceeding "against the debtor."  For the purpose of § 362(b)(1), the debtor is not defendant but Ms. Henricks, who is not a party to this case.

Finally, the government relies on 18 U.S.C. § 3613(a):

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . , a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . .

The government cites In re Robinson, 764 F.3d 554, 559-60 (6th Cir. 2014), in which the court held that § 3613(a) trumps § 362(a), relying on the phrase in 3613(a), "[n]otwithstanding any other Federal law."  However, the important difference between Robinson and this case is that the debtor in Robinson was the criminal defendant; the government was not trying to obtain the property of someone else. This is important because § 3613(a) is limited to the "property or rights to property of the person fined."  Of course, Ms. Henricks is not "the person fined" in this case.  Thus, under § 3613(a), the government

is not bound by the stay when it seeks to enforce the restitution order with respect to defendant's property, but § 3613(a) says nothing about the government's right to seize Ms. Henricks's property.

The government attempts to fill this gap with 28 U.S.C. § 3010(a), which states that "[t]he remedies available to the United States under this chapter may be enforced against property which is co-owned by a debtor and any other person only to the extent allowed by the law of the State where the property is located." It then argues that Wisconsin law would allow Ms. Henricks's property to be seized because she has been unjustly enriched by defendant's illegal conduct. However, this argument is a nonstarter because § 3010(a) does not include a provision similar to that in § 3613(a), stating that it overrides other federal laws. The government does not argue that § 3613(a) can be incorporated into § 3010(a) in some way and I see no way that it could, so the government cannot rely on § 3010(a) to overcome the automatic stay.

The government devotes much of its brief to arguing that Ms. Henricks has been complicit with defendant in attempting to subvert the restitution order, but regardless whether that is true, it does not change the scope of the automatic stay. Again, § 3613(a) applies to the "property of the person fined," not the "property of the person who conspired with the person fined." To the extent that Ms. Henricks has engaged in improper conduct, the government is free to raise that issue with the bankruptcy court in attempting to lift the stay or prevent Ms. Henricks from discharging her debts, which is what the government did in <u>Robinson</u>.

In sum, I conclude that the automatic stay imposed by 11 U.S.C. § 362(a) applies to any property owned by Ms. Henricks. Because the government does not identify any property included in the writ of execution that is not Ms. Henricks's property, I am granting her request to stay the writ of execution. The government is free to seek a new writ of execution that is limited to the property of defendant John Henricks.

In a separate motion, dkt. #88, the government has moved for a finding by the court that defendant is in default on his restitution payments and an order granting relief pursuant to 18 U.S.C. § 3613A. In addition, it asks the court to resentence defendant under 18 U.S.C. § 3614 for his willful failure to make restitution. An evidentiary hearing on this motion will be held at 9:00 a.m., Thursday, April 16, 2015.

ORDER

IT IS ORDERED that Catherine Henricks's request to stay the writ of execution, dkt. #57, until the bankruptcy court lifts the automatic stay under 11 U.S.C. § 362(a), dkt. #64, is GRANTED; an evidentiary hearing on the government's motion for a finding of default by defendant on his restitution payments and for resentencing, dkt. #88, will be held on April 16, 2015 at 9:00 a.m.

Entered this 7th day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge